UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:21-cv-21656-JEM/Becerra

VENUS CONCEPT USA INC.,

    Plaintiff,

v.

TAMARA WILSON,

    Defendant.
_____/

**REPORT AND RECOMMENDATION[1] ON
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**THIS CAUSE** is before the Court on Plaintiff Venus Concept USA Inc.'s ("Plaintiff") Motion for Summary Judgment and Memorandum of Law in Support (the "Motion"), ECF No. [46]. Plaintiff filed an accompanying Statement of Material Facts, ECF No. [45]. Defendant Tamara Wilson ("Defendant") did not file a Response to the Motion or the accompanying Statement of Material Facts, and the time to do so has passed. Upon due consideration of the Motion, the pertinent portions of the record, and being otherwise fully advised on the premises, it is hereby **RECOMMENDED** that Plaintiff's Motion for Summary Judgment be **GRANTED.**

**I.   BACKGROUND**

Plaintiff filed the Complaint on April 29, 2021, asserting claims for breach of guaranty and unjust enrichment against Defendant. ECF No. [1]. Defendant filed an Answer on June 9, 2021. ECF No. [4]. Shortly thereafter, Plaintiff filed a Motion for Leave to Appear Telephonically or by Videoconference at the Scheduling Conference, indicating that Defendant was "unresponsive" to efforts to coordinate the required Scheduling Conference. ECF No. [8]. The Court granted

---

[1] The Honorable Jose E. Martinez referred this action to the undersigned for "a ruling on all pretrial, non-dispositive matters and for a Report and Recommendation on all dispositive motions." ECF No. [6].

Plaintiff's motion and noted, "Defendant is required to cooperate and abide by Court orders, and may be subject to sanctions for failure to do so." ECF No. [9].

Defendant, however, remained unresponsive throughout much of the action. For example, Defendant failed to appear for a discovery hearing on September 2, 2021. ECF No. [17]. Defendant also failed to provide a witness list to Plaintiff by the deadline set by the District Court, or anytime thereafter. *See* ECF No. [44]. Accordingly, Plaintiff filed a Motion to Preclude Defendant's Witness Testimony, ECF No. [38], which the Court granted on September 8, 2022. ECF No. [44].

Plaintiff now moves for summary judgment. ECF No. [46]. Plaintiff filed the Motion with an accompanying Statement of Material Facts, ECF No. [45], and a Declaration of Carmen Hurtado, Plaintiff's Operations Controller, North America, ECF No. [45-1]. Defendant did not file any Response to the Motion or the Statement of Material Facts.

## II.   LEGAL STANDARD

Summary judgment is appropriate where there is "no genuine issue as to any material fact [such] that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also* FED R. CIV. P. 56. A genuine issue of material fact exists when "a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "For factual issues to be considered genuine, they must have a real basis in the record." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009) (citation omitted). Speculation or conjecture cannot create a genuine issue of material fact sufficient to defeat a well-supported motion for summary judgment. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005).

The moving party has the initial burden of showing the absence of a genuine issue as to any material fact. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). In assessing

whether the moving party has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the non-moving party. *Denney v. City of Albany*, 247 F.3d 1172, 1181 (11th Cir. 2001). Once the moving party satisfies its initial burden, the burden shifts to the non-moving party to come forward with evidence showing a genuine issue of material fact that precludes summary judgment. *Bailey v. Allgas, Inc.*, 284 F.3d 1237, 1243 (11th Cir. 2002); *see also* FED. R. CIV. P. 56(e). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992). But if the record, taken as a whole, cannot lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial, and summary judgment is proper. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Because Defendant "failed to file a response to [Plaintiff's] Motion for Summary Judgment," the Motion "is unopposed, the arguments therein are unrebutted, and the record evidence in support thereof is undisputed." *Ministerios El Camino v. Scottsdale Ins. Co.*, 587 F. Supp. 3d 1194, 1202 (S.D. Fla. 2022) (citing *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.,* 363 F.3d 1099, 1101 (11th Cir. 2004)). "In deciding an unopposed motion for summary judgment, courts nonetheless 'must consider the merits of the motion' . . . [and in] doing so, courts need not '*sua sponte*' review all of the evidentiary materials on file . . . but must ensure that the motion itself is supported by evidentiary materials." *Id.* (citing *One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d at 1101).

The evidence cited in Plaintiff's Statement of Material Facts is uncontroverted because Defendant did not file an opposing statement of material facts as required by Local Rule 56.1. *See Ministerios El Camino*, 587 F. Supp. 3d at 1202. The failure to do so results in Plaintiff's

3

Statement of Material Facts being deemed admitted, so long as it is supported by properly cited record evidence. *Id.*

### III. SUMMARY OF UNDISPUTED FACTS

Plaintiff is a "medical aesthetic company in the business of developing, commercializing and delivering minimally invasive and non-invasive medical aesthetic and hair restoration technologies and devices to its consumers." ECF No. [45] ¶ 2. Defendant is the "Spa Owner" of the company End Aging Esthetics. *See* ECF No. [1-1] at 3.

Defendant, acting on behalf of End Aging Esthetics, executed a Subscription Agreement with Plaintiff on November 14, 2018 (the "Subscription Agreement"). ECF No. [45] ¶ 6. Therein, Plaintiff promised to deliver medical aesthetic devices, supplies, and services in consideration for End Aging Esthetics' promise to pay a total of $94,712.29 in monthly installments as outlined. *Id.* The same day, Defendant executed and delivered a guaranty to Plaintiff, wherein Defendant personally guaranteed the full payment and punctual performance of End Aging Esthetics under the Subscription Agreement (the "Guaranty"). *Id.* ¶ 7.

In or around November 2018, Plaintiff provided its "Venus Versa" system, along with the other goods, to End Aging Esthetics. *Id.* ¶ 3. End Aging Esthetics and Defendant received and accepted the Venus Versa system and other goods. *Id.* ¶¶ 4, 8. End Aging Esthetics made payments pursuant to the Subscription Agreement until June 13, 2019, when it stopped payments altogether. *Id.* ¶ 10. At the time that End Aging Esthetics stopped making payments, the total balance due under the Subscription Agreement was $74,610.93. *Id.* ¶ 22.

Pursuant to the Subscription Agreement, the failure to make payments constituted a "Default" by End Aging Esthetics on June 13, 2019. *Id.* ¶ 10. The Subscription Agreement contained a provision allowing Plaintiff to immediately terminate the Subscription Agreement upon Default, demand the unpaid amount plus attorneys' fees and costs, and assess interest on the

unpaid amount at a rate of 18% per annum from the date of the Default. *Id.* ¶ 11. Accordingly, on April 28, 2021, Plaintiff delivered a notice of termination to Defendant, terminating the Subscription Agreement and demanding payment of any and all amounts due, including interest, costs, and attorneys' fees. *Id.* ¶ 12. Because Defendant personally executed the Guaranty, and End Aging Esthetics defaulted on the Subscription Agreement, Defendant is personally obligated to pay all amounts due to Plaintiff under the Subscription Agreement. *Id.* ¶ 14–15.

Immediately prior to filing the Complaint, on April 28, 2021, the outstanding principal amount on the Subscription Agreement was $74,610.93, plus interest at a rate of 18% per annum accruing since June 13, 2019 (at a daily rate of $36.79), for a total of $108,320.85, exclusive of attorneys' fees and costs. *Id.* ¶ 21–22. Defendant has failed to pay Plaintiff, and Plaintiff has suffered damages as a result. *Id.* ¶ 18, 20.

IV.  **ANALYSIS**

Plaintiff now moves for summary judgment on Count I of its Complaint, or in the alternative, on Count II. ECF No. [46]. The Complaint includes one count for breach of guaranty (Count I) and, in the alternative, one count for unjust enrichment (Count II) against Defendant. *See* ECF No. [1]. Plaintiff argues that summary judgment is proper because there are no issues of material fact on either claim. ECF No. [46] at 5. Plaintiff argues that it has proven all elements of Count I for breach of guaranty, and in the alternative, has proven all elements of Count II for unjust enrichment. *Id.* at 4–6.

### A. Plaintiff Is Entitled to Summary Judgment on Count I for Breach of Guaranty.

To succeed on a breach of guaranty claim in Florida, a plaintiff must show: "(1) the existence of a [guaranty]; (2) a material breach of that [guaranty]; and (3) damages resulting from the breach." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009); *see also PNC Bank, N.A. v. Healey Plumbing, Inc.*, No. 19-cv-60068, 2019 WL 2890858, at *2 (S.D. Fla. June

6, 2019) ("The same elements required to prove a breach of contract claim must be established to successfully allege a breach of guaranty claim."); *Venus Concept USA Inc. v. Vitahydr8, LLC*, No. 21-cv-22243, 2022 WL 204685, at *2 (S.D. Fla. Jan. 24, 2022) (same).

Plaintiff has satisfied each element of its beach of guaranty claim. First, it is undisputed that the Guaranty exists. Defendant personally executed the Guaranty on November 14, 2018, in conjunction with the Subscription Agreement between Plaintiff and End Aging Esthetics. ECF Nos. [45] ¶ 7; [1-1] at 3. The Guaranty states: "The undersigned unconditionally personally guarantees to Venus Concept that he/she will make all payments and meet all obligations required under this [Subscription] Agreement. The undersigned expressly consents to the jurisdiction of the court set out in the Terms and Conditions of this agreement." ECF No. [1-1] at 3. The Guaranty is signed by Defendant. ECF Nos. [45] ¶ 7; [1-1] at 3.

Next, it is undisputed that End Aging Esthetics ceased payment on the Subscription Agreement on June 13, 2019, while a balance of $74,610.93 remained payable to Plaintiff. ECF No. [45] ¶¶ 10, 22. Pursuant to the terms of the Subscription Agreement, Plaintiff terminated the Subscription Agreement on April 28, 2021, and demanded the unpaid balance plus attorneys' fees and interest from Defendant. *Id.* ¶¶ 11–13. Because the terms of the Guaranty require that Defendant "make all payments and meet all obligations required under this [Subscription] Agreement," Defendant is contractually obligated to pay the balance of $74,610.93 plus attorneys' fees and interest to Plaintiff. ECF Nos. [1-1] at 3; [45] ¶¶ 14–16. Defendant has refused to pay Plaintiff. ECF No. [45] ¶ 16–17. Defendant's only obligations under the Guaranty are to "make all payments and meet all obligations required under this [Subscription] Agreement." ECF No. [1-1] at 3. Accordingly, by refusing to make payments as required under the Subscription Agreement, Defendant materially breached the Guaranty. *See* ECF No. [45] ¶ 17.

Finally, it is undisputed that Plaintiff has suffered damages as a result of Defendant's breach of the Guaranty. *See* ECF No. [45] ¶ 18. At the time of filing the Complaint, it is undisputed that Defendant owed Plaintiff a total of $108,320.85, consisting of $74,610.93 in principal and $33,709.92 in interest. *Id.* ¶ 21–22. Interest has accrued, and continues to accrue, daily during the pendency of this action. *Id.* ¶ 22. Plaintiff has suffered monetary damages in the amount of at least $108,320.85 as a result of Defendant's breach of the Guaranty.

Plaintiff has satisfied all three elements of Count I for breach of guaranty, and there are no genuine disputes of material fact remaining on this count. Thus, Plaintiff is entitled to summary judgment on Count I for breach of guaranty.[2]

### B. Plaintiff Has Established Damages of $74,610.93 Plus Interest, Attorneys' Fees, and Costs.

Plaintiff has established damages of $74,610.93 in principal, plus interest, costs, and attorneys' fees. It is undisputed that End Aging Esthetics defaulted on the Subscription Agreement while it still owed $74,610.93 on the principal balance. ECF No. [45] ¶ 22. It is also undisputed that Defendant executed the Guaranty to "make all payments and meet all obligations required under this [Subscription] Agreement," between Plaintiff and End Aging Esthetics. ECF Nos. [1-1] at 3; [45] ¶¶ 14–16. Thus, Defendant is liable to Plaintiff in the amount of $74,610.93 for the principal balance.

The terms of the Subscription Agreement additionally include an assessment of 18% interest upon the occurrence of a Default, which undisputedly took place herein on June 13, 2019;

---

[2] Count II for unjust enrichment was plead in the alternative to Count I for breach of guaranty. Plaintiff does not argue that it is entitled to summary judgment on Count II if the Court grants summary judgment on Count I. Indeed, a quasi-contract claim such as unjust enrichment, "fails upon a showing that an express contract exists." *Martorella v. Deutsche Bank Nat. Trust Co.*, 931 F. Supp. 2d 1218, 1227 (S.D. Fla. 2013) (citing *Berry v. Budget Rent A Car Sys., Inc.*, 497 F. Supp. 2d 1361, 1369 (S.D. Fla. 2007)). Thus, if the District Court adopts this Report and Recommendation as to Count I of the Complaint, the undersigned **RECOMMENDS** that Count II for unjust enrichment be **DISMISSED WITH PREJUDICE**.

the payment of costs; and the payment of attorneys' fees. ECF No. [45] ¶ 13. It is undisputed that these terms were included in the Subscription Agreement and adopted by Defendant in the Guaranty. *Id.* ¶¶ 11–22. At an annual rate of 18%, interest on the principal balance has accrued by a total of $13,429.96 per year, or $36.79 per day. *See id.* ¶ 22. Interest shall continue to accrue until the date of the final judgment in this matter. Plaintiff has therefore established a total of $74,610.93 in damages, plus interest at a daily rate of $36.79 beginning on June 13, 2019, and continuing through the date of final judgment, plus reasonable costs and attorneys' fees.

## V. CONCLUSION

As set forth above, the undersigned **RECOMMENDS** that Plaintiff's Motion for Summary Judgment, ECF No. [46], be **GRANTED**. Summary judgment should be entered for Plaintiff on Count I for breach of guaranty. Count II should be dismissed with prejudice, as it was plead in the alternative. Plaintiff should be awarded $74,610.93 in damages, plus interest at a daily rate of $36.79 beginning on June 13, 2019, and continuing through the date of final judgment, plus reasonable costs and attorneys' fees.

## VI. OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on April 19, 2023.

_____
**JACQUELINE BECERRA**
**UNITED STATES MAGISTRATE JUDGE**