UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-cv-21656-JEM/Becerra

VENUS CONCEPT USA, INC.,

    Plaintiff,

v.

TAMARA WILSON,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON
## PLAINTIFF'S VERIFIED MOTION FOR ATTORNEYS' FEES AND COSTS

**THIS CAUSE** came before the Court on Plaintiff's Verified Motion for Attorneys' Fees and Costs (the "Motion"), ECF No. [58].[1]  With the Motion, Plaintiff submitted (1) a declaration by Plaintiff's counsel, David M. Hawthorne, Esq., as to costs (the "Costs Declaration"); (2) a declaration by Mr. Hawthorne as to attorneys' fees (the "Fees Declaration"); (3) copies of invoices sent pursuant to Plaintiff's fee agreement with Lewis, Brisbois, Bisgaard & Smith, LLP (the "LBBS Agreement"); (4) copies of invoices sent pursuant to Plaintiff's fee agreement with Pathman Lewis, LLP (the "Pathman Lewis Agreement"); and (5) copies of invoices sent pursuant to Plaintiff's fee agreement with Pathman Schermer Tandy, LLP (the "PST Agreement").

On January 25, 2024, the Court held a status conference on the Motion (the "Status Conference").  ECF No. [64].  After careful consideration of the Motion, Plaintiff's supporting documentation, the statements of Plaintiff's counsel at the Status Conference, the pertinent

---

[1] This matter was referred to the undersigned by the Honorable Jose E. Martinez, United States District Judge.  ECF No. [59].

portions of the record, and the applicable law, it is hereby **RECOMMENDED** that Plaintiff's Motion be **GRANTED IN PART AND DENIED IN PART** as further set forth herein.

## I.     BACKGROUND

Plaintiff initiated this breach of guaranty and unjust enrichment action against Defendant on April 29, 2021 based on an agreement between Plaintiff and End Aging Esthetics ("EAE"), which Defendant executed and guaranteed on behalf of EAE (the "Agreement"). ECF No. [1] at 2–3. Specifically, Plaintiff argued that EAE did not pay for supplies and materials it received pursuant to the Agreement, totaling $88,400.00, and that Defendant was liable as guarantor of the Agreement. *Id.*

Defendant, proceeding *pro se*, filed an answer on June 9, 2021, which raised no affirmative defenses. ECF No. [9]. Although she made an appearance at the August 13, 2021 telephonic hearing on Plaintiff's Motion to Allow Unilaterally Filed Scheduling Report and for Sanctions, ECF No. [10], she did not file a joint scheduling report with Plaintiff as ordered by the Court in ECF No. [13], and did not appear for the September 2, 2021 discovery hearing set before the undersigned. ECF Nos. [12], [17]. Defendant made an appearance at the September 20, 2021 discovery hearing held before the Court, but neither party appeared at the October 26, 2021 discovery hearing. ECF Nos. [18], [25].[2]

On April 15, 2022, Plaintiff filed a Motion for Extension of Certain Deadlines in Scheduling Order, stating that Defendant had not communicated with Plaintiff since Plaintiff filed

---

[2] During this same time period, Plaintiff filed a Notice of Substitution of Counsel indicating that Mr. Hawthorne was no longer employed by Lewis Brisbois Bisgaard & Smith, LLP and would be substituted as counsel of record by Vincent F. Alexander, ESQ. and Michelle H. Zeiger, Esq. ECF No. [22]. About a month later, Plaintiff filed a Stipulation for Order on Substitution of Counsel asking for the law firm of Pathman Lewis, LLP to be substituted as counsel of record for Plaintiff, care of Mr. Hawthorne, which Judge Martinez granted. ECF Nos. [27], [29].

its unilateral scheduling report on August 17, 2021.  ECF No. [35] at 3.  Judge Martinez extended the pertinent deadlines per Plaintiff's request.  ECF No. [36].  Then, Plaintiff filed a Motion to Preclude Defendant's Witness Testimony on the grounds that Defendant did not file her witness list as mandated by the controlling scheduling order, and Defendant failed to appear at the September 7, 2022 Zoom hearing on that motion.  ECF Nos. [38], [42].  Accordingly, on September 8, 2022, the Court granted Plaintiff's Motion to Preclude Defendant's Witness Testimony and gave Defendant a period of twenty days to "seek reconsideration and present argument as to why her witnesses should not be excluded at trial."  ECF No. [44].  Defendant did not do so.

Plaintiff filed a Motion for Summary Judgment and Statement of Material Facts on September 20, 2022, and on December 2, 2022, Plaintiff filed a Motion for Order to Show Cause, arguing that Defendant did not respond to "efforts to set up mediation" as required by the scheduling order.  ECF Nos. [45], [46], [47].  Defendant did not respond to these filings.  On April 19, 2023, the undersigned recommended that Plaintiff's Motion for Summary Judgment be granted, a recommendation Judge Martinez adopted on May 8, 2023.  ECF Nos. [53], [55].  Final judgment was entered in favor of Plaintiff that same day.  ECF No. [56].

    II.    **THE INSTANT MOTION**

Plaintiff now seeks a total of $2,101.42 in costs, which it says "are recoverable as either taxable under 28 U.S.C. sec. 1920 or non-taxable under the . . . Agreement between the parties."  ECF No. [58] at 1.  This amount is comprised of (1) $402.00 for "Filing Fee & Issuance of Summonses"; (2) $130.00 for service of process; (3) $1,1942.42 in "Overnight Delivery, Postage, Investigative Services and Non-Military Search"; and (4) and $375.00 in court reporting fees.  *Id.*  Plaintiff submitted the Costs Declaration in support of this request, which recites the foregoing

3

figures. ECF No. [58-1].

Plaintiff also seeks $42,809.50 in attorneys' fees based on a total of 140.0 hours billed. ECF No. [58] at 1–3. In the Fees Declaration attached to the Motion, Mr. Hawthorne states that the billing records submitted to the Court "are kept in the normal course of business for the purpose of billing clients . . . ." ECF No. [58-2] at 1. Under the LBBS Agreement, Plaintiff's attorneys billed 58.1 hours at an hourly rate of $360. *Id.* at 2. Under the Pathman Lewis Agreement, Plaintiff's attorneys and paralegal billed a total of 29.3 hours, with an attorneys billing at $320.00 per hour and the paralegal billing at $180.00 per hour. *Id.* Finally, pursuant to the PST Agreement, Plaintiff's attorneys and paralegal billed an additional 52.6 hours, with attorneys billing at an hourly rate of $320 "until September 2022 when the hourly rate for attorneys increased to $355," and the paralegal billing at an hourly rate of $180. ECF No. [58] at 2–3.

Although Plaintiff submitted its time records, its four-page Motion included no argument as to why it was entitled to its attorneys' fees and costs, nor did it provide any argument at all as to why the attorneys' fees or costs were reasonable.

Defendant did not file a response to, or otherwise oppose, the Motion.

### III. THE STATUS CONFERENCE

On January 25, 2024, the undersigned held a Status Conference regarding the Motion, which was only attended by Mr. Hawthorne. ECF No. [64]. The Court noted that the Motion includes *no argument whatsoever* as to (1) the reasonableness of the hourly rates requested, (2) the reasonableness of the amount of hours expended on this litigation, or (3) why this case required "extensive legal work," particularly given Defendant's failure to appear or otherwise defend herself since as early as September 2021. ECF No. [58-2] at 1. To provide Plaintiff with an opportunity to address these shortcomings, the Court issued an Order giving Plaintiff fourteen days

4

to amend the Motion "to include an argument as to why the amount [of attorneys' fees] sought is reasonable." ECF No. [65]. The Court made clear to counsel that based on the record before the Court, the amount requested would likely be reduced by a substantial amount.

On January 26, 2024, Plaintiff advised the Court of its election not to amend the Motion, stating that it "will not contest the upcoming Report and Recommendation of Magistrate Judge Becerra regarding any award of attorneys' fees and costs pertaining to the Motion" (the "Notice of Election Not to Amend"). ECF No. [66].

### IV. ANALYSIS

#### A. Attorneys' Fees

Under the American Rule, "each party is traditionally responsible for its own attorney's fees." *In re Home Depot Inc.*, 931 F.3d 1065, 1078 (11th Cir. 2019) (citing *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010)). There are three exceptions to this rule: "(1) when a statute grants courts the authority to direct the losing party to pay attorney's fees; (2) when the parties agree in a contract that one party will pay attorney's fees; and (3) when a court orders one party to pay attorney's fees for acting in bad faith." *Id*. at 1079 (citation omitted).

#### 1. Entitlement to Attorneys' Fees.

As a preliminary matter, Plaintiff does not specify the basis for its entitlement to attorneys' fees in the Motion. However, from the Court's independent review, the second exception to the American Rule is applicable. Paragraph 15 of the Agreement between the Parties provides that in the event of a default, "[t]he Customer," or in this case, Defendant, must pay for "[a]ny Enforcement Costs . . . incurred by" Plaintiff. ECF No. [1-1] at ¶ 15. "Enforcement Costs" are defined as "costs and expenses incurred as a result of a Default," specifically including "all costs and expenses in respect of collection, legal fees, repossession, . . . enforcement of . . . [Plaintiff's]

5

rights or remedies, sale or re-lease costs or other realization costs . . . ." *Id.* Accordingly, Plaintiff is entitled to recover attorneys' fees in accordance with the Agreement.

### 2. Reasonableness of Hourly Rates Requested.

The Eleventh Circuit utilizes the lodestar method to determine the reasonableness of an award of attorneys' fees. *Norman v. Housing Auth. Of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The lodestar "is the product of the number of hours reasonably worked by a lawyer and a reasonable hourly rate." *Dillard v. City of Greensboro*, 213 F.3d 1347, 1354 (11th Cir. 2000). The fee applicant bears the burden of establishing entitlement to the amount of attorneys' fees sought. *See Am. Civil Liberties Union of Ga. V. Barnes*, 168 F.3d 423, 427 (11th Cir 1999); *Hermosilla v. Coca-Cola Co.*, No. 10-cv-21418, 2011 WL 9364952, at *14 (S.D. Fla. July 15, 2011) ("A party seeking to recover attorneys' fees bears the burden of providing specific and detailed evidence so that a determination can be made of the necessity of the action and the reasonableness of the time claimed for the action."). "[S]atisfactory evidence that the requested rate is in line with prevailing market rates . . . necessarily must speak to rates actually billed and paid in similar lawsuits." *Norman*, 836 F.2d at 1299 (internal citations omitted). "Where the documentation is inadequate, the court may reduce the award accordingly." *Squire v. Geico General Ins. Co.*, No. 12-cv-23315, 2013 WL 474705, at *2 (S.D. Fla. Feb. 7, 2013).

A "reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. In evaluating the reasonableness of a fee request, the Court may consider its own knowledge and expertise to determine a reasonable hourly rate. *See Norman*, 836 F.2d at 1303. Indeed, the Eleventh Circuit has long recognized that the district court "is itself an expert on the question [of reasonable hourly rates in the local market] . . . and may form an independent

judgment either with or without the aid of witnesses as to value." *Maner v. Linkan LLC*, 602 Fed. App'x 489, 493 (11th Cir. 2015) (citing *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)).

Here, Plaintiff's supporting documentation is woefully inadequate to meet its burden of establishing that its requested hourly rates are reasonable. The Motion makes no meaningful reference to Plaintiffs' attorneys' skills, experience, and reputation, nor has Plaintiff articulated any other justification for the hourly rates requested. Notably, the Motion makes no mention of rates billed and paid in similar lawsuits, even though Plaintiff has filed many such lawsuits itself. Despite these defects, which the Court brought to Plaintiff's attention at the Status Conference, Plaintiff elected not to supplement its Motion. With this in mind, the Court will assess the hourly rates sought based on the information available in the Motion, as well as the Court's own expertise regarding reasonable rates charged in the relevant legal market.

According to the Motion, "all attorneys billed at the hourly rate of $360" under the LBBS Agreement. ECF No. [58] at 2. This includes Mr. Hawthorne, "who has been a member of the Florida Bar since 1992 and who has been practicing commercial litigation for that long." *Id.* This Court has previously recommended that Mr. Hawthorne be awarded an hourly rate of $360.00 in a separate case filed by Plaintiff, which recommendation was adopted by the District Court. *See Venus Concept USA, Inc. v. Vitahydr8, LLC*, No. 21-cv-22243-JEM/Becerra, 2023 WL 3740922, at *2 (S.D. Fla. Apr. 12, 2023), *report and recommendation adopted*, 2023 WL 3737719, at *1 (S.D. Fla. May 31, 2023). Given Mr. Hawthorne's experience, and based on the undersigned's familiarity with the hourly rates charged in this District for similar work, the Court finds that Mr. Hawthorne's requested hourly rate of $360.00 is reasonable and **RECOMMENDS** that it be approved.

Michelle Zeiger, "who has been a member of the Florida Bar since September 2003 and

who has been practicing litigation for that long," also billed at a rate of $360.00 under the LBBS Agreement.  ECF No. [58] at 2.  Plaintiff has proffered no other information regarding the nature of Ms. Zeiger's experience and skills to enable the Court to evaluate the reasonableness of this hourly rate.  Nevertheless, a court in this District recently awarded her the same hourly rate requested here in a separate case filed by Plaintiff.  *See Venus Concept USA Inc. v. Smith High Incorporated*, No. 21-cv-21558-KMM, 2022 WL 7609495, at *3 (S.D. Fla. Sept. 28, 2022), *report and recommendation adopted*, 2022 WL 7514591, at *1 (S.D. Fla. Oct. 13, 2022).  Given the foregoing, and based on the undersigned's expertise, Ms. Zeiger's requested hourly rate of $360.00 is reasonable, and the undersigned **RECOMMENDS** that the Court approve it.

Next, Aileen Carpenter, "who has been a practicing lawyer since 2019 (not yet admitted in Florida but admitted in DC and Georgia) and who has been practicing litigation for that long," also billed at a rate of $360.00 pursuant to the LBBS Agreement.  ECF No. [58] at 2.  Based on public records, Ms. Carpenter has been a member in good standing of the State Bar of Georgia since 2021 and has been licensed to practice in the District of Columbia since 2020.  However, she was not a member of the Florida Bar, nor was she admitted *pro hac vice*, from the inception of this case on April 29, 2021 until her last billing entry on the LBBS invoices on October 7, 2021.  For this exact reason, this Court previously reduced Ms. Carpenter's hourly rate in a different case.  *See Vitahydr8, LLC*, 2023 WL 3740922, at *2, *report and recommendation adopted*, 2023 WL 3737719, at *1.

Given her more limited experience and status as a non-admitted attorney during the relevant time period, the undersigned **RECOMMENDS** that Ms. Carpenter's hourly rate be reduced to $150.00, which is consistent with the hourly rate typically awarded for paralegals in this District.  *See e.g., Trump v. Clinton*, No. 22-cv-14102, 2023 WL 333699, at *1232 (S.D. Fla.

8

Jan. 19, 2023) (concluding that hourly rate of $150.00 is "a reasonable rate for paralegals"); *Smith High Inc.*, 2022 WL 7609495, at *4, *report and recommendation adopted*, 2022 WL 7514591 (concluding that an hourly rate of $150.00 for Ms. Carpenter "is commensurate with her experience and the market rate for similar services provided by non-admitted attorneys").

Finally, Andrea Ona, "who has been a member of the Florida Bar since 2019 and who has been practicing litigation for that long," also billed at an hourly rate of $360.00 under the LBBS Agreement. ECF No. [58] at 2. Ms. Ona was admitted to the Florida Bar on October 15, 2019 and had only been a member of the Florida Bar for under one year at the relevant time period. Still, Plaintiff seeks to recover for her billed time at the same hourly rate charged by Mr. Hawthorne and Ms. Zeiger, who have been attorneys for a significantly longer period of time. Plaintiff presents no argument to support this request. Therefore, based on the Court's expertise regarding hourly rates charged by attorneys with similar experience in this District, an hourly rate of $360.00 for Ms. Ona is unreasonable and excessive. Accordingly, the undersigned hereby **RECOMMENDS** that Ms. Ona's hourly rate be reduced to $200.00 per hour. *See Lopez v. Scottsdale Ins. Co.*, No. 20-cv-20112, 2022 WL 2119345, at *4–5 (S.D. Fla. May 26, 2022), *report and recommendation adopted*, 2022 WL 2116561 (S.D. Fla. June 13, 2022) (reducing the hourly rate of an associate with "less than three years of experience" from $450.00 per hour to $250.00 per hour, noting it "[a]rguably . . . may even be on the high end of the spectrum").

Plaintiff also seeks to recover for time billed under the Pathman Lewis Agreement, pursuant to which attorneys billed at an hourly rate of $320.00 and paralegals billed at an hourly rate of $180.00. ECF No. [58] at 2. This Court already recommended that Mr. Hawthorne's requested hourly rate of $360.00 under the LBBS Agreement be accepted. For these same reasons, this Court finds that an hourly rate of $320.00 for Mr. Hawthorne under the Pathman Lewis

Agreement is reasonable and **RECOMMENDS** that it be approved.

Hulda Estama, "who was licensed with the Florida Bar since 2018 and has been practicing litigation since that time," also billed at an hourly rate of $320.00 under the Pathman Lewis Agreement. ECF No. [58] at 2. Specifically, Ms. Estama was admitted on April 20, 2018 and would have been a member of the Florida Bar for approximately three to four years at the relevant time period. Having been offered no other information to gauge the reasonableness of Ms. Estama's requested rate, the undersigned finds that $320.00 per hour is excessive and unreasonable based on hourly rates typically charged by similarly qualified attorneys within this District. Accordingly, the undersigned **RECOMMENDS** that Ms. Estama's hourly rate be reduced to $250.00 per hour. *See Lopez*, 2022 WL 2119345, at *5, *report and recommendation adopted*, 2022 WL 2116561.

Nancy Onega, who has been a paralegal since 2007, billed at an hourly rate of $180.00 pursuant to the Pathman Lewis Agreement. ECF No. [58] at 2. As noted above, paralegals in this District are typically granted an hourly rate of $150.00. *See e.g.*, *Trump*, 2023 WL 333699, at *25. Although a court in this District previously awarded Ms. Onega an hourly rate of $180.00, Plaintiff did not set forth any justification for Ms. Onega to be awarded that rate in this case. As such, the undersigned hereby **RECOMMENDS** that Ms. Onega's rate be reduced to $150.00 per hour, consistent with hourly rates typically awarded to paralegals in this District.

Finally, Plaintiff seeks to recover for time billed under the PST Agreement, pursuant to which (1) attorneys billed at an hourly rate of $320 "until September 2022 when the hourly rate for attorneys increased to $355"; and (2) paralegals billed at an hourly rate of $180. ECF No. [58] at 2. For the reasons noted above, Mr. Hawthorne's hourly rates of $320.00 until September 2022 and $355.00 for time billed thereafter fall squarely within the range of reasonable hourly rates for

10

an attorney of his experience. Thus, the undersigned **RECOMMENDS** that these rates be approved. Moreover, Ms. Onega, who billed under the PST Agreement, should be awarded an hourly rate of $150.00, consistent with hourly rates typically awarded for paralegals in this District. The undersigned hereby **RECOMMENDS** that Ms. Onega's hourly rate be reduced to $150.00.

Michele Formaggio, "who was licensed with the Florida Bar since 2008 and has been practicing litigation since that time," also billed under the PST Agreement. ECF No. [58] at 3. All of Ms. Formaggio's entries appear to be pre-September 2022, at the firm's lower hourly rate of $320.00. Ms. Formaggio was admitted on April 19, 2008 and would have been a member of the Florida Bar for approximately fourteen years at the relevant time period. Plaintiff offered no other information regarding Ms. Formaggio's skills, experience, or reputation. Nevertheless, based on the Court's knowledge and expertise, the requested hourly rate of $320.00 for Ms. Formaggio falls within the range of reasonable hourly rates typically awarded to an attorney with fourteen years of experience. *See Alma-Mater Collections, Inc. v. Crossroads Financial, LLC*, No. 15-cv-81095, 2023 WL 9064645, at *4–5 (S.D. Fla. Nov. 30, 2023), *report and recommendation adopted*, Order Affirming Report and Recommendation, *Alma-Matter Collections, Inc. v. Crossroads Financial LLC*, No. 15-cv-81095 (S.D. Fla. Jan. 2, 2024), ECF No. [309] (finding an hourly rate of $320.00 reasonable and appropriate for an attorney with "over 10 years of experience"); *see also Southern-Owners Ins. Co. v. Marquez*, No. 20-cv-81341, 2022 WL 2651661, at *14 (S.D. Fla. July 8, 2022) (finding that an hourly rate of $335 is reasonable for an attorney "with roughly ten years of experience").

### 3. Reasonableness of Hours Expended.

The next step in the computation of the lodestar is a determination of reasonable hours expended on the litigation. A fee applicant must set out the general subject matter of the time

11

expended by the attorney "with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12 (1983)). A fee applicant must exercise billing judgment by excluding "excessive, redundant, or otherwise unnecessary [hours] . . . ." *Hensley*, 461 U.S. at 434. Where a fee applicant does not exercise billing judgment, "courts are obligated to do it for them." *Am. Civil Liberties Union of Ga.*, 168 F.3d at 428. When a request for attorneys' fees is unreasonably high, a court may "conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.,* 548 F.3d 1348, 1350 (11th Cir. 2008). Although courts may apply either method, they cannot apply both. *Id.* at 1351.

The Court has examined the billing records submitted by Plaintiffs' attorneys in support of the Motion. Based on that review, the undersigned finds that the total number of hours expended by the lawyers in this matter was excessive. In this uncontested breach of guaranty and unjust enrichment case, six attorneys and one paralegal billed a total of 140.0 hours under the various fee agreements. ECF No. [58] at 1–3. This includes (1) 58.1 hours under the LBBS Agreement (16.7 hours by Mr. Hawthorne, 11.0 hours by Ms. Zeiger, 30.1 hours by Ms. Carpenter, and 0.3 hours by Ms. Ona); (2) 29.3 hours under the Pathman Lewis Agreement (10.7 hours by Mr. Hawthorne, 13.9 hours by Ms. Estama, and 4.7 hours by Ms. Onega); and (3) 52.6 hours billed under the PST Agreement (41.9 hours by Mr. Hawthorne, 6.7 hours by Ms. Onega, and 4.0 hours by Ms. Formaggio). As the applicant, Plaintiff bore the burden of showing that its request for fees is reasonable, and the Motion falls short given that Plaintiff made no argument whatsoever as to the reasonableness of its attorneys' fees. Plaintiff does not argue that this case presented novel questions of law, that it was litigated in a "contentious manner," or that any other justification exists for the number of hours expended. *Managed Care Solutions, Inc. v. Essent Healthcare,*

12

*Inc.*, No. 09-cv-60351, 2011 WL 2535258, at *5 (S.D. Fla. June 27, 2011). On the contrary, this case was substantively simple and straightforward, and made simpler by Defendant's lack of activity for the better part of the lawsuit's pendency.

Another case Plaintiff filed within this District sheds light on its request for $42,809.50 in attorneys' fees. On August 6, 2021, Plaintiff filed suit against Doris Rivera with a nearly identical complaint to the one in this case and an equally familiar fact pattern. Complaint, *Venus Concept USA Inc. v. Rivera*, No. 1:21-cv-22877-DPG (S.D. Fla. Aug. 6, 2021), ECF No. [1]. Plaintiff averred that it entered into a subscription agreement with D Art Of Beauty – Dallas, signed by its owner, Ms. Rivera, "whereby Plaintiff promised to deliver certain medical aesthetic device(s), supplies and services . . . in consideration for Defendant's promise to pay" $107,059.36 to Plaintiff. *Id.* at ¶ 7. That same day, Ms. Rivera "executed and delivered a Guaranty to Plaintiff . . . wherein Defendant guaranteed the full payment and punctual performance of all obligations of Defendant under the Subscription Agreement." *Id.* at ¶ 8. However, Defendant "fail[ed] to make any of the requisite payments due and owing" to Plaintiff. *Id.* at ¶ 11. As in the case at bar, Plaintiff sued for breach of guaranty and unjust enrichment, but in *Rivera*, Plaintiff included claims for (1) breach of contract, (2) open account, (3) account stated, and (4) replevin. *Id.* at 5–10.

As in the instant case, Plaintiff moved for summary judgment on its breach of guaranty claim in a seven-page motion,[3] and the court ruled in Plaintiff's favor. Renewed Motion for Partial Summary Judgment, *Venus Concept USA Inc. v. Rivera*, No. 1:21-cv-22877-DPG (S.D. Fla. Apr. 4, 2022), ECF No. [22]; Final Judgment at 2, *Venus Concept USA Inc. v. Rivera*, No. 1:21-cv-22877-DPG (S.D. Fla. July 8, 2022), ECF No. [27]. Then, in a considerably more detailed motion

---

[3] In the case at bar, Plaintiff also moved for summary judgment on its unjust enrichment claim in the alternative. ECF No. [46] at 5.

13

than the one presently before this Court, Plaintiff sought, and successfully recovered, $15,792.00 in attorneys' fees and $403.65 in costs. Verified Motion for Attorneys' Fees and Costs, *Venus Concept USA Inc. v. Rivera*, No. 1:21-cv-22877-DPG (S.D. Fla. Sept. 13, 2022), ECF No. [28]; Order, *Venus Concept USA Inc. v. Rivera*, No. 1:21-cv-22877-DPG (S.D. Fla. Oct. 3, 2022), ECF No. [29].

In sum, this case and the *Rivera* case are virtually identical, not only in terms of the facts and legal issues implicated, but also with respect to the motions and pleadings filed by Plaintiff. Yet, here, Plaintiff's attorneys billed almost 100 more hours (amounting to $27,017.50 in attorneys' fees) than they did in *Rivera*, a comparable case Plaintiff was prosecuting around the same time. Plaintiff has not endeavored to explain this discrepancy and has waived its right to do so. Based on the Motion before the Court, particularly in light of the fee award in *Rivera*, a sizeable number of the billing entries in this case are excessive, redundant, and unnecessary.

As a final point, the Court notes that Plaintiffs' attorneys billed, and now seek to recoup, for work that was not filed in this case. In the Fees Declaration, Plaintiff's counsel, Mr. Hawthorne, attested that "this file consists of extensive legal work including work to . . . obtain defaults and default final judgments against the Defendants." ECF No. [58-2]. However, there is only *one* defendant in this case, and no motion for default or default judgment was filed against her, nor was a default entered in this case at all. It is not appropriate for Plaintiff to recover for time spent on any unfiled motions.

In order to account for the aforementioned excessive, redundant, unnecessary, and inapplicable time entries, the attorneys' fees requested by Plaintiff should be reduced by an across-the-board percentage. *See Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994) (holding that an across-the-board percentage reduction in attorneys' fees is appropriate so long as the court

provides a "concise but clear explanation of its reasons for the reduction"). Having carefully reviewed the billing records submitted by Plaintiff's attorneys, and in light of the deficiencies identified above, the undersigned concludes that a 60% reduction in the number of hours billed is warranted, resulting in the following recommendation:

| I. The LBBS Agreement | | | | |
|---|---|---|---|---|
| **Timekeeper** | **Recommended Hourly Rate** | **Total Hours Requested** | **Hours Reduced by 60%** | **Recommended Award** |
| David M. Hawthorne, Esq. | $360.00 | 16.7 | 6.68 | $2,404.80 |
| Michelle Zeiger, Esq. | $360.00 | 11.0 | 4.40 | $1,584.00 |
| Aileen Carpenter, Esq. | $150.00 | 30.1 | 12.04 | $1,806.00 |
| Andrea Ona, Esq. | $200.00 | 0.3 | 0.12 | $24.00 |

| II. The Pathman Lewis Agreement | | | | |
|---|---|---|---|---|
| **Timekeeper** | **Recommended Hourly Rate** | **Total Hours Requested** | **Hours Reduced by 60%** | **Recommended Award** |
| David M. Hawthorne, Esq. | $320.00 | 10.7 | 4.28 | $1,369.60 |
| Hulda Estama, Esq. | $250.00 | 13.9 | 5.56 | $1,390.00 |
| Nancy Onega | $150.00 | 4.7 | 1.88 | $282.00 |

| III. The PST Agreement (Pre-September 2022) | | | | |
|---|---|---|---|---|
| **Timekeeper** | **Recommended Hourly Rate** | **Total Hours Requested** | **Hours Reduced by 60%** | **Recommended Award** |
| David M. Hawthorne, Esq. | $320.00 | 5.8 | 2.32 | $742.40 |
| Michele Formaggio, Esq. | $320.00 | 4.0 | 1.60 | $512.00 |
| Nancy Onega | $150.00 | 3.3 | 1.32 | $198.00 |

| IV. The PST Agreement (Post-September 2022) | | | | |
|---|---|---|---|---|
| Timekeeper | Recommended Hourly Rate | Total Hours Requested | Hours Reduced by 60% | Recommended Award |
| David M. Hawthorne, Esq. | $355.00 | 36.1 | 14.44 | $5,126.20 |
| Nancy Onega | $150.00 | 3.4 | 1.36 | $204.00 |
| **Totals:** | | 140.00 | 56.00 | $15,643.00 |

This recommended award is consistent with the attorneys' fees award in *Rivera*, a substantially similar case as explained herein. Order, *Venus Concept USA Inc. v. Rivera*, No. 1:21-cv-22877-DPG (S.D. Fla. Oct. 3, 2022), ECF No. [29] (awarding Plaintiff $15,792.00 in attorneys' fees). Accordingly, the undersigned **RECOMMENDS** that the Court award Plaintiff $15,643.00 in reasonable attorneys' fees.

### B. Costs

Plaintiff seeks to recover a total of $2,101.42 in costs, which it says "are recoverable as either taxable under 28 U.S.C. sec. 1920 or non-taxable under the Agreement between the parties." ECF No. [58] at 1. Rule 54(d) of the Federal Rules of Civil Procedure states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Title 28, United States Code, Section 1920 "defines the term costs as used in [Federal Rule of Civil Procedure] 54(d) . . . [and] enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987) (quotations omitted). The specific costs which may be awarded are as follows:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;

16

> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Plaintiff is the prevailing in this case, as the Court granted Plaintiff's Motion for Summary Judgment and entered final judgment in its favor. ECF Nos. [55], [56].

Plaintiff now seeks to recover the following taxable and non-taxable costs: (1) $402.00 for the fee associated with the filing of this suit and issuance of summons; (2) $130.00 for service of process; (3) $1,194.42 in "Overnight Delivery, Postage, Investigative Services and Non-Military Search"; and (4) $375.00 for court reporter fees. ECF No. [58-1]. Plaintiff did not further itemize the expenses within the foregoing categories, and the Costs Declaration simply recites the categories and amounts listed above. *Id.*

As for the first category of costs, "[f]ees of the clerk and marshal include filing fees and are clearly taxable." *Family Oriented Cmty. United Strong, Inc. v. Lockheed Martin Corp.,* No. 8:11-cv-217-T-30AEP, 2012 WL 6575348, *1 (M.D. Fla. Dec. 17, 2012) (citations omitted). The docket in this case, and the invoices attached to the Motion, reflect that Plaintiff paid $402.00 in filing fees for this suit. ECF Nos. [7]; [58-3] at 2. As such, the undersigned **RECOMMENDS** that the Court award Plaintiff $402.00 for the fee associated with filing the suit and issuing the summons to Defendant.

With respect to the next category of costs, Plaintiff's invoices show that it incurred $130.00 in fees for serving Defendant. ECF No. [58-3] at 8. "This Circuit has held that § 1920(1), read in conjunction with 28 U.S.C. § 1921, authorizes a court to tax private process servers' fees as costs, provided that their rates do not exceed the cost of having the U.S. Marshal's service effectuate service." *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 649 (S.D. Fla. May 14, 2007)

17

(citing *U.S. E.E.O.C. v. W & O, Inc.*, 213 F.3d 600, 623–24 (11th Cir. 2000)) (footnote omitted). At the time service of process occurred, the Marshals Service fee was $65.00 per hour for each item served. 28 C.F.R. § 0.114(a)(3). Because there is only one Defendant in this case, the maximum amount that could have been charged by the U.S. Marshal is $65.00 per hour. Plaintiff has submitted no documentation to explain why it seeks to recover for double that amount. Without such documentation, the undersigned **RECOMMENDS** that the Court award Plaintiff $65.00 in costs for service of process.

Next, Plaintiff seeks to recover $1,194.42 in "Overnight Delivery, Postage, Investigative Services, and Non-Military Search." ECF No. [58-1]. The invoices submitted in support of this Motion reflect $419.25 in Fed-Ex fees for shipments to Defendant, although Plaintiff does not explain what was shipped and why. Presumably, Plaintiff mailed Defendant copies of pertinent filings in this case, but this Court should not have to speculate as to the reason for the costs Plaintiff seeks to recoup, or as to whether these costs are reasonable. In general, Federal Express charges are not taxable costs under section 1920. *See e.g.*, *Perez v. Saks Fifth Avenue, Inc.*, No. 07-cv-21794, 2011 WL 13172510, at *3 (S.D. Fla. Feb. 14, 2011). However, here, the Agreement provides for recovery of "all costs and expenses" that Plaintiff incurred. ECF No. [1-1] at § 15. In light of this provision, the undersigned **RECOMMENDS** that Plaintiff be awarded $419.25 in Fed-Ex charges.

Even upon close examination of Plaintiff's supporting documentation, the undersigned was unable to identify entries corresponding to the claimed costs for "Postage, Investigative Services . . . and Non-Military Search." *Id.* Moreover, these costs are not authorized by Section 1920. *See, e.g.*, *McGilvery v. Davis*, No. 16-cv-14364, 2017 WL 8812740, at *2 (S.D. Fla. Dec. 4, 2017), *report and recommendation adopted*, 2018 WL 1863598 (S.D. Fla. Jan. 11, 2018)

("Plaintiff's expenses for expert fees, PACER and legal research, investigation fees, mediation, lodging and travel expenses for trial, messenger and Federal Express, and technology support fees may not be taxed against Defendants."). Although they nevertheless may be recoverable under the Agreement, they should not be awarded without supporting documentation evidencing that they were actually incurred. Thus, the undersigned **RECOMMENDS** that this request be **DENIED**.

Finally, Plaintiff seeks to recover $375.00 for court reporter fees. ECF No. [58-1]. This amount is supported by the invoices submitted in conjunction with the Motion. ECF No. [58-4] at 9. The undersigned finds that these costs are recoverable and **RECOMMENDS** that they be awarded.

For the foregoing reasons, the undersigned **RECOMMENDS** that the Court award Plaintiff $1,261.25 in reasonable costs, comprised of (1) $402.00 for the filing fee; (2) $65.00 in service of process fees; (3) $419.25 in Federal Express charges; and (4) $375.00 in court reporter fees.

## V. CONCLUSION

Based on the foregoing, it is hereby **RECOMMENDED** that Plaintiff's Motion be **GRANTED IN PART AND DENIED IN PART**, and that Plaintiff be awarded $15,643.00 in attorneys' fees and $1,261.25 in costs.

## VI. OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Court for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. The undersigned finds that a shortened objection period is warranted given that the Parties have had ample time to time

to make their arguments in written briefs and at the hearing. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Report and Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND RECOMMENDED** in Chambers in Miami, Florida on February 22, 2024.

_____
**JACQUELINE BECERRA**
**UNITED STATES MAGISTRATE JUDGE**